UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

        Plaintiff,                Case No. 1:10-cv-1087

v.                                       Honorable Paul L. Maloney

UNKNOWN WOHLFERT et al.,

        Defendants.
_____/

## **OPINION**

        This is a civil rights action brought by a former state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant Bureau of Health Care Services because it is immune from suit. The Court will serve the complaint against Defendants Wohlfert, Tefft, King, Ely, Kemp and Correctional Medical Services, Inc.

**Discussion**

I.  Factual allegations

Plaintiff Gregory Hardy is a former inmate of the Michigan Department of Corrections (MDOC), who, in 2007, was housed at the Ionia Maximum Correctional Facility (ICF). He sues the MDOC Bureau of Health Care Services (BHCS), Correctional Medical Services, Inc. (CMS), and the following ICF employees:  Corrections Officers (unknown) Wohlfert, (unknown) Tefft, and (unknown) Ely; Sergeant (unknown) King; and Nurse Betty J. Kemp.

Plaintiff alleges that, on September 16, 2007, Defendant Wohlfert denied him breakfast.  Plaintiff threatened to file a grievance.  Shortly after noon on the same day, ostensibly in retaliation for Plaintiff's threat to file a grievance, Defendant King ordered Plaintiff's cell searched.  During the search, Plaintiff's property was dumped on the floor, his envelopes were ripped open, and his legal materials were piled under his mattress.  In addition, King confiscated certain legal materials relating to the following defendants a pending state civil case: "Rum Hosey, Arus Perry, Lt. Reed, Arus English, Sgt. Landers, Officer Kerr, Officer Sura, Officer Northrup, Officer Crol and Officer Guile."  (Compl., Page ID #3.)

At approximately 1:00 to 1:30 p.m. that same date, Defendants Wohlfert, Ely and Tefft allegedly assaulted Plaintiff while his hands were in the door slot.  Plaintiff was seen in health care the following day.  On his return from health care, Defendant Wohlfert deliberately assaulted Plaintiff by closing the steel cell door on him, severely injuring Plaintiff's right shoulder.  Plaintiff submitted a kite seeking medical care, but Defendant Kemp denied treatment on the grounds that, "It has been confirmed by the witnessing officer [(Hotchkiss)] that no injuries[] occurred from the above incident."  (Compl., Page ID #5.)  Plaintiff alleges that, over the next three years, CMS and

BHCS medical personnel failed adequately to treat Plaintiff's shoulder injury, which has never healed. Plaintiff alleges that Defendants CMS and BHCS were deliberately indifferent to his pain and disability and routinely denied all requests for diagnosis by a specialist. Plaintiff also was denied physical therapy and accommodations for his disability.

Plaintiff asserts that he has been denied his rights under the First and Eighth Amendments. He seeks declaratory relief, together with $800,000.00 in compensatory and punitive damages.

II.     Sovereign Immunity

Plaintiff may not maintain a § 1983 action against the MDOC Bureau of Health Care Services. The Bureau of Health Care Services is a division of the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, No. 08-1541, 2010 WL 841198, at *7 (6th Cir. Mar. 12, 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983

for money damages.  *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).  Therefore, the Court dismisses the Michigan Department of Corrections Bureau of Health Care Services.

Plaintiff's claims against the remaining Defendants will be served.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant Michigan Department of Corrections Bureau of Health Care Services will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Wohlfert, Tefft, King, Ely, Kemp and Correctional Medical Services, Inc.

An Order consistent with this Opinion will be entered.


Dated:  December 13, 2010             /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge