UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| GREGORY HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-1087 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| JOSEPH WOHLFERT, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought *pro se* by a former state prisoner under 42 U.S.C. § 1983. The defendants are Resident Unit Officer (RUO) Joseph Wohlfert, Sergeant Kristina King, RUO Michael Ely, RUO Thomas Tefft, Nurse Betty Kemp, and Correctional Medical Services, Inc. (CMS). Plaintiff's November 2010 complaint is based on events that allegedly occurred more than three years earlier at the Ionia Maximum Correctional Facility (ICF):

(1). On September 16, 2007, defendant Wohlfert violated plaintiff's Eighth Amendment rights when he did not open the food slot to plaintiff's administrative segregation cell, causing plaintiff to miss his breakfast;

(2). On September 16, 2007, defendant King violated plaintiff's First Amendment rights by ordering a retaliatory search of his cell;

(3) On September 16, 2007, defendants Wohlfert, Ely, and Tefft conducted a retaliatory search of plaintiff's cell and took legal documents in violation of his First Amendment rights;

(4). On September 16, 2007, defendants Wohlfert, Ely, and Tefft violated his Eighth Amendment rights by subjecting him to excessive force when they applied restraints;

(5) On September 17, 2007, defendant Wohlfert used excessive force when he closed a door on plaintiff's arm causing a shoulder injury; and

  (6)  On September 17, 2007, defendant Kemp was deliberately indifferent to his serious medical needs when she noted that plaintiff had suffered no injury as a result of the September 17, 2007 incident.

Plaintiff alleges that the CMS employees who treated his shoulder were not certified specialists. CMS has never been served with process or otherwise appeared in this lawsuit.

  The matter is before the court on the following motions: (1) a motion for summary judgment by defendants Ely, Kemp, King, and Wohlfert based on the statute of limitations (docket # 37); (2) a Rule 12(b)(6) motion to dismiss by defendant Tefft based on the statute of limitations (docket # 44); and (3) plaintiff's motions for summary judgment (docket #s 43, 48). For the reasons set forth herein, I recommend that all plaintiff's claims against CMS be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. This report and recommendation serves as plaintiff's notice of the impending dismissal of all his claims against CMS. I further recommend that plaintiff's motions be denied, that defendants' motions be granted, and that a final judgment be entered in favor of defendants Tefft, Ely, Kemp, King, and Wohlfert on all plaintiff's claims.

<u>**Applicable Standards**</u>

**A.**  **Rule 12(b)(6) Standard**

  Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and FED. R. CIV. P. 8(a)(2)). While this

notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010)(quoting *Twombly*, 550 U.S. at 570).

    **B.**    **Summary Judgment Standard**

When reviewing cross-motions for summary judgment, the court must assess each motion on its own merits. *See Federal Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Group*, 415 F.3d 487, 493 (6th Cir. 2005). "'[T]he filing of cross-motions for summary judgment does not necessarily mean that an award of summary judgment is appropriate.'" *Spectrum Health Continuing*

*Care Group v. Anna Marie Bowling Irrevocable Trust*, 410 F.3d 304, 309 (6th Cir. 2005)(quoting *Beck v. City of Cleveland*, 390 F.3d 912, 917 (6th Cir. 2004)).

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.[1]  FED. R. CIV. P. 56(a); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the

---

[1] "The standard for granting summary judgment remains unchanged" under the amendments to Rule 56 that went into effect on December 1, 2010.  *See* FED. R. CIV. P. 56 advisory committee note (2010 amendments).

mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000))*; Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier

of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).  The higher summary judgment standard applies to plaintiff's motions for summary judgment and the motion for summary judgment by defendants Ely, Kemp, King, and Wohlfert based on the affirmative defense of the statute of limitations.

**Discussion**

    1.    Correctional Medical Services

I recommend that all plaintiff's claims against Correctional Medical Services (CMS) be dismissed for failure to achieve service of process.[2]  CMS has never been served with process or otherwise appeared during the eight months this lawsuit has been pending.  Accordingly, I recommend that all plaintiff's claims against CMS be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.  This report and recommendation serves as plaintiff's notice of impending dismissal.  *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004); *accord Reynosa v. Schultz*, 282 F. App'x 386, 393-94 (6th Cir. 2008).

    2.    Defendant Tefft's Rule 12(b)(6) Motion

Plaintiff's claims against defendant Tefft are barred by the statute of limitations.  A dismissal with prejudice is appropriate where the allegations of the complaint show that relief is barred by the applicable statute of limitations.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  The limitations period for civil rights actions filed under 42 U.S.C. § 1983 in Michigan is three years.

---

[2]Plaintiff's allegations against CMS are so vague that it is impossible to determine whether plaintiff's claims against CMS are barred by the statute of limitations.

*See Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986).

Plaintiff alleges that on September 16, 2007, defendant Tefft used excessive force and conducted a retaliatory cell search. Plaintiff filed his complaint on November 16, 2010 -- the date the court entered the order granting him leave to proceed *in forma pauperis*. (docket # 3). *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1988). When plaintiff mailed his complaint to the court, he was a resident of Kalamazoo, Michigan. He was not in state custody. (*See* Motion for Leave to Proceed In Forma Pauperis, docket # 2 at ID # 46). Plaintiff did not pay the applicable filing fee, but instead sought leave to proceed *in forma pauperis*. (*Id.*). On November 16, 2010, the court entered the order granting plaintiff leave to proceed *in forma pauperis*. (docket # 3). It is clearly established law in the Sixth Circuit that a complaint is deemed filed "only when IFP status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of the court." *Truitt*, 148 F.3d at 648. By contrast, a prisoner in state custody is entitled to the benefit of a "mailbox rule," where his complaint is deemed filed when it is handed over to prison officials for mailing to the court. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff is not entitled to the benefit of the mailbox rule because he was not in custody when he mailed his complaint. Even assuming that plaintiff had been in custody, and thus entitled to the benefit of the mailbox rule, his claims would not avoid the statute of limitations bar. A November 4, 2010 filing date is still more than a month after the three-year statute of limitations had expired. All plaintiff's claims against defendant Tefft are barred by the statute of limitations.

   3. <u>Motion for Summary Judgment by Defendants Ely, Kemp, King, and Wohlfert</u>

   Defendants Ely, Kemp, King and Wohlfert seek summary judgment on the grounds that all plaintiff's claims against them are barred by the three-year statute of limitations. Plaintiff's claims against these defendants accrued on or before September 17, 2007. *See Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1997). The statute of limitations on all plaintiff's claims against these defendants expired on or before September 18, 2010.

   Plaintiff's argument that the statute of limitations was tolled until a year after his release from prison is frivolous. The statute of limitations was not tolled during plaintiff's incarceration. *See Johnson v. Candelas*, No. 99-2451, 2000 WL 1477503, at * 1 (6th Cir. Sept. 26, 2000) ("Plaintiff's contention on appeal that the limitations period was tolled for his incarceration is meritless. The statutory provision for tolling the statute of limitations for incarceration was repealed in Michigan effective April 1, 1994, and a grace period expired one year after that date.") (citing MICH. COMP. LAWS §§ 600.5851(9), (10)); *Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at * 2 (6th Cir. June 19, 1998) (same); *see also Carlton v. Smith*, No. 1:07-cv-398, 2007 WL 3102076 (W.D. Mich. Oct. 22, 2007) (The statute of limitations is not tolled when a plaintiff is incarcerated and "it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations.") (citing *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). I find that all plaintiff's claims against defendants Ely, Kemp, King, and Wohlfert are barred by the statute of limitations.

**Recommended Disposition**

For the reasons set forth herein, I recommend that all plaintiff's claims against CMS be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. This report and recommendation serves as plaintiff's notice of the impending dismissal of all his claims against CMS. I further recommend that plaintiff's motions for summary judgment (docket #s 43, 48) be denied, that defendants' motions (docket #s 37, 44) be granted, and that a final judgment be entered favor of defendants Tefft, Ely, Kemp, King, and Wohlfert on all plaintiff's claims.


Dated: July 26, 2011          /s/ Joseph G. Scoville
                              United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).