UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY HARDY,<br>　　　Plaintiff,<br><br>-v-<br><br>JOSEPH WOHLFERT, et al.,<br>　　　Defendants.<br>_____ | No. 1:10-cv-1087<br><br>HONORABLE PAUL L. MALONEY |

### ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Plaintiff Gregory Hardy, a former prisoner proceeding pro se, filed a civil rights complaint after he was released from prison alleging deprivations of his constitutional rights while in prison. All defendants who have been served have filed, collectively or individually, a dispositive motion. (ECF Nos. 37 and 44.) Plaintiff Hardy also filed dispositive motions. (ECF Nos. 43 and 48.) The magistrate judge issued a report recommending defendants' motions be granted, Plaintiff's motions be denied, and the unserved defendant be dismissed without prejudice. (ECF No. 50.) Plaintiff Hardy filed objections. (ECF No. 52.)

The Court has reviewed the report and objections under the standards outlined in Fed. R. Civ. P. 72(b) and *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 2006) (per curiam). The issue is whether the statute of limitation has run on Plaintiff's claims. The Court finds the magistrate judge's report factually accurate and the legal reasoning sound. The claims accrued more than three years before Plaintiff Hardy filed his suit. The fact that Plaintiff was in prison when the claims accrued does not alter the date on which the claim accrued. Had Plaintiff filed his lawsuit while he was in prison, he would have had to exhaust his administrative grievances. However, because Plaintiff filed his lawsuit after he was release from prison, the exhaustion requirements of the Prison Litigation Reform

Act do not apply. *See United States v. Talamantes v. Leyva*, 575 F.3d 1021, 1024 (9th Cir. 2009) (collecting cases from the Second, Third, Seventh, Eighth and Tenth Circuits); *Ahmed v. Dragovich*, 297 F.3d 201, 210 n.10 (3d Cir. 2002) (collecting cases from the Second, Seventh, Eighth, Ninth, and Eleventh Circuits). Even though Plaintiff submitted grievances through the prison system, because the exhaustion requirements do not apply, Plaintiff cannot rely on those requirements to toll the statute of limitation.

Accordingly, **IT IS HEREBY ORDERED** that

1. The report and recommendation (ECF No. 50) is **ADOPTED**, over objections, as the opinion of this Court;

2. Defendant Ely, Kemp, King, and Wohlfert's motion for summary judgment (ECF No. 37) is **GRANTED.** Plaintiff Hardy's claims against Defendants Ely, Kemp, King, and Wohlfert are **DISMISSED WITH PREJUDICE.**

3. Defendant Tefft's motion to dismiss (ECF No. 44) is **GRANTED.** Plaintiff Hardy's claims against Defendant Tefft are **DISMISSED WITH PREJUDICE.**

4. Because it has not been served with process, Plaintiff Hardy's claims against Defendant Correctional Medical Services are **DISMISSED WITHOUT PREJUDICE.**

5. Plaintiff's motions for summary judgment (ECF Nos. 43 and 48) ard **DENIED**.

6. The Court finds any appeal would be frivolous and therefore not taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Date:   August 29, 2011                               /s/ Paul L. Maloney
                                                                                           Paul L. Maloney
                                                                                         Chief, United States District Judge